UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re: GREGORY LEE CUTULI

_____/

GREGORY LEE CUTULI

    Appellant,

v.   Case No. 8: 20-cv-978-T-02
(Bankr. Case No. 8: 17-bk-5323-RAC)

MEHRDAD ELIE

    Appellee.

_____/

## ORDER

Gregory Cutuli appeals a final judgment of non-dischargeability entered by the bankruptcy court in favor of creditor Mehrdad Elie in an adversary proceeding. Dkt. 1. This is the second appeal in this case. In the first appeal, the undersigned's predecessor reversed a final judgment entered for Elie, finding that the bankruptcy court lacked personal jurisdiction over Cutuli because Elie failed to render proper service according to the applicable rules. *Cutuli v. Elie (In re Cutuli)*, 389 F. Supp. 3d 1051, 1056 (M.D. Fla. 2019); *see* Fed. R. Bankr. P. 7004(g). On remand, the bankruptcy court granted Elie an extension of time to effect proper service. Elie in

turn served Cutuli and his attorney as required, and the bankruptcy court entered default judgment against Cutuli after he failed to present a defense.

Cutuli now appeals, arguing that the bankruptcy court erred in extending the time for service. Finding the bankruptcy court did not abuse its discretion by granting an extension, the Court will affirm.

## BACKGROUND & PROCEDURAL HISTORY

The parties have a long history. Once business partners, their partnership ended on a sour note. Since then they have been battling one another in court for over a decade. Things hit a crescendo in 2011 when a state court in California entered a $14 million fraudulent-transfer judgment for Elie against Cutuli. Dkt. 22-4 at 39, 43.

In the years that followed, Cutuli sought to shield his assets from Elie and other creditors. As a result of those efforts, Cutuli and his wife were indicted federally for bankruptcy fraud. Dkt. 22-4 at 71–85. Cutuli eventually pled guilty to one count of conspiracy to fraudulently transfer or conceal property in contemplation of a bankruptcy case and received six months in federal prison. *Id.* at 86–91.

In June 2017, while awaiting incarceration or while incarcerated, Cutuli retained an attorney and petitioned for Chapter 7 bankruptcy.[1] Dkt. 6-8. Under the retainer agreement, Cutuli's attorney agreed to represent him only in the main bankruptcy case but not in any related adversary proceedings. Dkts. 22-1; 22-2.

In September of that year, Elie sued for a declaration that Cutuli cannot discharge in bankruptcy the California judgment. Dkt. 22-4 at 18–25. Two days after filing the complaint, Elie mailed a summons and copy of the complaint to Cutuli's last known address. Dkts. 6-10; 6-11. Cutuli did not receive either document because he was serving his federal prison sentence at the time. Upon learning that Cutuli was incarcerated and realizing the initial summons had expired, Elie requested a second summons, which the clerk issued. Dkt. 6-12. Cutuli was personally served in prison two days later. Dkt. 6-13.

Cutuli did not respond to the complaint, and Elie moved for a clerk's default. Dkt. 6-14. Cutuli's bankruptcy attorney then filed an objection to the motion for default, stating that "[n]either the Complaint, nor the Summons ha[d] been served as required by the applicable rules." Dkt. 6-15; *see* Fed. R. Bankr. P. 7004(g) (requiring service also be made on the debtor's attorney when the debtor is so represented). In response, Elie mailed a copy of the complaint and summons to

---

[1] Cutuli's conviction for bankruptcy fraud stemmed from his actions related to his wife's bankruptcy case.

3

Cutuli's attorney—78 days after the second summons issued and 90 days after the filing of the complaint. Dkt. 6-16.

After being served, Cutuli's attorney moved to dismiss the complaint for improper service because the summons had gone stale. Dkts. 6-17; 22-17 at 487–88; *see* Fed. R. Bankr. P. 7004(e) (requiring "delivery of summons and complaint within seven days after the summons is issued"). The bankruptcy court denied the motion, Dkt. 6-24, and entered a default judgment against Cutuli after Cutuli declined to defend against the complaint on the merits. Dkt. 22-9; 22-18 at 498–99; *see also* Dkt. 6-30. Cutuli appealed.

On appeal, the district court found that Elie had indeed failed to issue an active summons as required by the bankruptcy rules. *Cutuli*, 389 F. Supp. 3d at 1056. Because proper service had not been made, the bankruptcy court lacked personal jurisdiction over Cutuli. *Id.* at 1059. The district court reversed the final judgment and remanded for the bankruptcy court to decide whether to extend the time for Elie to effect proper service. *Id.*[2]

Upon remand, Elie moved for and was granted an extension of time to effect service. Dkts. 22-13; 22-6. The bankruptcy court found that he had shown "good cause" to justify an extension under Federal Rule of Civil Procedure 4(m). Dkt. 22-

---

[2] Elie appealed to the Eleventh Circuit. But the appeal was dismissed for lack of jurisdiction. *Cutuli v. Elie (In re Cutuli)*, No. 19-13274-HH, 2019 WL 6482445 (11th Cir. Nov. 22, 2019).

6 at 109–10. The court noted that the delay in service largely resulted from its own erroneous prior rulings and the subsequent appeal. *Id.* Moreover, the bankruptcy court noted that despite failing to perfect service, Elie had provided Cutuli and his attorney with actual notice of the action by mailing to both of them copies of the summons and complaint. *Id.* at 110. This actual notice, the court found, reflected a reasonable effort to effect service and "an absence of dilatory conduct." *Id.*

The bankruptcy court also found that equitable factors favored granting an extension. *Id.* at 110–11. The court determined that denial of an extension and dismissal for improper service would amount to a dismissal with prejudice because the statute of limitations for Elie's non-dischargeability claim had expired, barring him from refiling. *Id.* at 110. Thus, the principles of equity counseled deciding Elie's claims on the merits rather than dismissing them because of a procedural failing. *Id.* at 111.

Following the bankruptcy court's ruling, the clerk issued a fresh summons. Elie served Cutuli and his attorney. Dkt. 22-15 at 462–70. Cutuli again failed to answer the complaint or mount a defense. On Elie's motion, the bankruptcy court entered a default judgment against Cutuli, Dkt. 22-9, and entered final judgment for Elie, Dkt. 22-5 at AECF 81.[3] This appeal followed.

---

[3] "AECF" refers to the bankruptcy court docket entries in the adversary case (Case No: 8:17-ap-00701-RCT).

## DISCUSSION

Cutuli's lone argument for reversal is that the bankruptcy court erred in granting Elie an extension of time to perfect service. Dkt. 11 at 15–23. The Court reviews a grant of extension of time to effect service for abuse of discretion. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1010–11 (11th Cir. 2017). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or [rules] base[d] . . . upon findings of fact that are clearly erroneous." *FTC v. Wash. Data Res., Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013) (quoting *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir. 1990)). The bankruptcy court did not abuse its discretion here.

For service of process in adversary proceedings, Federal Bankruptcy Rule of Procedure 7004(a) expressly incorporates Federal Rule of Civil Procedure 4(m). According to that rule, when a plaintiff fails to serve process within 90 days of filing the complaint, the court has two options. It must (1) dismiss the action without prejudice or (2) order that service be made within a specified time. Fed. R. Civ. P. 4(m). The second option—extending the time for service—becomes mandatory when the plaintiff shows "good cause" for its failure to render proper service. *Id.*

Cutuli fixates his argument on the bankruptcy court's "good cause" finding. Dkt. 11 at 15–23. But he fails to recognize that good cause is not required for an extension. A trial court "has the discretion to extend the time for service of process" even "in the absence of good cause." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007); *see Henderson v. United States*, 517 U.S. 654, 663 (1996) (recognizing that the 1993 amendments to the federal rules give courts the discretion to enlarge the window for service even without a showing of good cause). An extension may be justified, "for example, if the applicable statute of limitations would bar the refiled action." *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005) (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

The expiration of the statute of limitations is indeed the most widely accepted justification for extending the window for service absent a showing of good cause. *See* 4 Charles Alan Wright et al., *Federal Practice and Procedure* § 1137 (4th ed. 1998) (collecting cases). This is because the expiration of the limitations period turns a dismissal for improper service into a dismissal with prejudice. *See Horenkamp*, 402 F.3d at 1133. And dismissing an action for such a procedural technicality undermines the primary purpose of the Federal Rules—to promote the ends of justice—which is best accomplished by having courts decide cases on their merits. *See* Wright, *supra*, § 1137; *see also In re Worldwide Web*

7

*Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (noting the strong policy of determining cases on their merits disfavors procedural defaults).

The Eleventh Circuit has held that the expiration of the statute of limitations also warrants extending time for service in adversary proceedings. In *Benkovitch v. Village of Key Biscayne*, 778 F. App'x 711, 713 (11th Cir. 2019) (per curiam), the Village of Key Biscayne initiated an adversary case to determine the dischargeability of $5 million in civil penalties owed to it from the bankruptcy estate. The Village failed to properly serve the debtor by the service deadline. Nonetheless, the bankruptcy court granted the Village an extension of time to effect proper service. *Id.* The bankruptcy court noted that the applicable statute of limitations had expired, so dismissal for improper service would bar the Village from refiling its claim. *Id.* at 715. As a result, the bankruptcy court found an extension was appropriate because it believed "th[e] matter should be resolved on the merits." *Id.* (quotation marks omitted). The Eleventh Circuit upheld this ruling on appeal, finding that the bankruptcy court's reasoning "was firmly rooted in our precedents." *Id.* Thus, the bankruptcy court "did not abuse its discretion by extending the deadline for service of process." *Id.*

So too here. Like in *Benkovitch*, the bankruptcy court found that the statute of limitations for Elie's non-dischargeability claim had expired. Dkt. 22-6 at 110. As a result, a dismissal for improper service would be with prejudice and "act as a

final adjudication in favor of [Cutuli]." *Id.* Indeed, a dismissal would have created a windfall for Cutuli, wiping away a multi-million-dollar judgment—all because of a stale summons when Cutuli never even sought to defend once properly served. Finding the equities favored allowing the adversary proceeding to "be adjudicated on the merits," the bankruptcy court granted an extension to effect proper service. *Id.* at 111. This decision was within the bankruptcy court's sound discretion and is a just result.

The judgment on appeal is **AFFIRMED.**

**DONE AND ORDERED** at Tampa, Florida, on November 18, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record